UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-33 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| RAYMOND CARTWRIGHT, JR. ) | |

**M E M O R A N D U M**

Before the Court is a motion by Defendant Raymond Cartwright, Jr., seeking to sever Counts One through Five from Counts Six and Seven of the Second Superseding Indictment (Court File No. 40). The Government filed a response in opposition (Court File No. 41). For the following reasons, the Court will **GRANT** Defendant's motion.

**I.     RELEVANT FACTS & PROCEDURE**

Counts One through Five charge Defendant with five counts of being a felon in possession of firearms and/or ammunition in violation of 18 U.S.C. § 922(g)(1) on various dates spanning from in or about July 2002 until January 27, 2004 (Court File No. 33). Two of these counts were alleged in the original indictment handed up on February 10, 2004 (Court File No. 1), and the other three were added in the superseding indictment handed up on July 14, 2004 (Court File No. 12). Defendant was arrested in April 2004 and detained pending trial. In February 2005, it came to the Government's attention Defendant had made various inculpatory statements to fellow inmates while incarcerated. Further, the Government contends that in the presence of these same inmates

Defendant also threatened to "blow up" the courthouse and murder the Assistant United States Attorney, a specific federal judge, and several named law enforcement officials if he was convicted and sentenced to a substantial prison term. As a result, the Government sought and obtained a Second Superseding Indictment additionally charging Defendant with threatening to assault and murder a United States judge (Count Six) and a United States official (Count Seven) in violation of 18 U.S.C. § 115.

**II.    DISCUSSION**

Defendant contends joinder of Counts One through Five with Counts Six and Seven in the Second Superseding Indictment is improper under Federal Rule of Criminal Procedure 8(a) and, even assuming joinder is proper, severance is appropriate under Rule 14(a) because a joint trial of the charges would be prejudicial. Rule 8(a) provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

If an indictment fails to satisfy Rule 8(a)'s joinder requirements, severance is mandatory. *See United States v. Chavis* 296 F.3d 450, 456 (6th Cir. 2002). Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment. *Id.* at 456-57. To the extent consistent with principles of due process, courts are to construe Rule 8(a) broadly so as to "promote the goals of trial convenience and judicial efficiency." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001). However, even where joinder is appropriate under Rule 8(a), a district court may, in its discretion, grant a defendant severance if it appears the defendant is prejudiced by the joinder of the offenses. Fed. R. Crim. P. 14(a). In considering whether to permit severance under Rule 14,

2

courts should exercise their discretion in light of the entirety of the circumstances and attempt to balance the public's interest in avoiding a multiplicity of litigation with the defendant's interest in obtaining a fair trial. *Graham*, 275 F.3d at 513 (6th Cir. 2001); *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983).

Defendant first contends the five § 922(g)(1) counts and the two § 115 counts do not satisfy Rule 8(a)'s minimum requirement for joinder. Undoubtedly, the firearm and ammunition offenses charged in Counts Six and Seven are not "of the same or similar character" as the threat offenses charged in Counts One through Five, but the Government claims they are all based on the same acts and are connected together or constitute parts of a common scheme or plan (Court File No. 41, pp. 4-5). Specifically, the Government notes the threats were motivated by and directly related to the prosecution of the firearm offenses, thus they are sufficiently connected or intertwined with each other to justify joinder. The Court has been unable to locate any cases with facts identical to those in the instant case, but notes a variety of courts have sanctioned joinder of underlying substantive charges with additional charges arising out of post-charge or post-investigation conduct calculated to hinder prosecution or escape liability on the original charges. *See United States v. Carnes*, 309 F.3d 950, 957-58 (6th Cir. 2002) (holding joinder of witness tampering count with underlying felon in possession charge was proper); *United States v. Balzano*, 916 F.2d 1273, 1280 (7th Cir. 1990) (holding joinder of witness intimidation count with conspiracy and extortion counts was proper because intimidation amounted to attempt to cover-up or escape liability for underlying offenses and, thus, "was clearly part and parcel of the same criminal scheme");*United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985) (holding counts alleging obstruction of justice and possession with intent to distribute marijuana were properly joined with conspiracy and murder counts where former

acts were committed for purpose of avoiding punishment for latter); *United States v. Davis*, 752 F.2d 963, 972 (5th Cir. 1985) (joinder of obstruction of justice count with underlying mail fraud and false statements counts proper where evidence of fraud tended to establish motive for obstruction of justice and, similarly, evidence of obstruction (*i.e.*, failure to produce subpoenaed documents, alleged interference with witness) tends to establish defendant's guilty consciousness of underlying substantive offenses); *see also United States v. Kaler*, 2001 WL 303349, at *2 (6th Cir. March 20, 2001) (unpublished opinion) (holding escape or failure to appear charge and underlying offense are "connected together" and properly joined under Rule 8(a) if charges are related in time, motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense).

However, all of these cases can be distinguished from the present circumstances because here the obstructive or threatening conduct sought to be jointly prosecuted was directed not at a witness or the prosecutor's evidence, but at the prosecutor himself and a judge who was not even the presiding judge. While evidence of the firearm charges might well be admissible against Defendant at a separate trial on the threat charges for the purpose of providing context and proving motive, it is not readily apparent the reverse would be true. Neither the Second Superseding Indictment nor the evidence presently in the record make it clear the threats would be admissible against Defendant in a separate trial on the firearm charges. The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has specifically held a defendant's threats against a prosecutor are not evidence of spoliation (*i.e.*, probative of an attempt to tamper with the Government's case) nor is their minimal probative value in demonstrating consciousness of guilt sufficient to survive a Rule 403 balancing. *United States v. Copeland*, 321 F.3d 582, 597-99 (6th Cir. 2003). Threats against a judge

4

or a prosecutor do not imply a desire to destroy or conceal evidence or to prevent witnesses from testifying, but may be motivated by a host of different reasons and permits only a weak inference of guilt. *Id.* Accordingly, even assuming joinder of the firearm and threat offenses in this case would be proper under Rule 8(a), the Court finds Defendant would be prejudiced by a joint trial of these charges and a severance would be warranted under Rule 14(a).

### III. CONCLUSION

Because joinder of the firearm offenses charged in Counts One through Five of the Second Superseding Indictment with the threat offenses charged in Counts Six and Seven would likely result in the admission of evidence which would not be admissible at a separate trial of the firearm offenses, the Court will **GRANT** Defendant's motion and sever the charges in the Second Superseding Indictment.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**