UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:04-CR-33 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| RAYMOND CARTWRIGHT, JR. ) | |

**M E M O R A N D U M**

Before the Court is Defendant Raymond Cartwright, Jr.'s renewed motion for judgment of acquittal or, in the alternative, motion for a new trial (Court File No. 58). After being ordered to do so by the Court, the Government has filed a response to Defendant's motion (Court File No. 65). For the following reasons, the Court will **DENY** Defendant's motion.

**I.     RELEVANT FACTS & PROCEDURE**

Defendant was charged in the Second Superseding Indictment (Court File No. 33) with five counts of being a felon in possession of a firearm and/or ammunition in violation of 18 U.S.C. § 922(g)(1).[1] Following a plea of "not guilty," Defendant proceeded to trial before a jury of his peers commencing on May 2, 2005. During the course of the trial, which covered parts of three days, the Government moved to dismiss Count 5 with prejudice and the Court granted the Government's

---

[1] Defendant was additionally charged with two counts of threatening to assault and murder a United States judge and/or official in violation of 18 U.S.C. § 115, but the Court ordered these charges severed from the five firearm charges (Court File Nos. 42, 43). The Government has since dismissed those charges without prejudice (Court File Nos. 61, 63).

motion (Court File No. 51).  At the close of the Government's proof, Defendant moved for a judgment of acquittal on the remaining counts pursuant to Federal Rule of Criminal Procedure 29. The Court denied the motion and on May 4, 2005, the jury found Defendant guilty on Counts 1 and 2, but not guilty on Counts 3 and 4 (Court File Nos. 52, 53, 54).  Defendant now renews his Rule 29 motion as to Counts 1 and 2 and, in the alternative, requests the Court order a new trial pursuant to Rule 33.

## II.      DISCUSSION

### A.      Motion for Judgment of Acquittal

Defendant first argues the evidence in the record is insufficient as a matter of law to sustain the convictions.  In reviewing a challenge to the sufficiency of the evidence under Rule 29, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (emphasis in original).  The Court may not make its own independent judgments as to the credibility of the witnesses or the weight of the evidence, but must simply assess whether adequate evidence was introduced which would support some rational trier of fact in finding the defendant guilty beyond a reasonable doubt.  *See United States v. Welch*, 97 F.3d 142, 149 (6th Cir. 1996).  The Court is to draw all available inferences and resolve all issues of credibility in favor of the verdict, and need not exclude every reasonable hypothesis but guilt.  *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997).  Even circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilt beyond a reasonable doubt.  *United States*

*v. Price*, 258 F.3d 539, 544 (6th Cir. 2001).

In order to establish a violation of 18 U.S.C. § 922(g)(1) as alleged in Counts 1 and 2 of the Second Superseding Indictment, the Government was required to prove beyond a reasonable doubt (1) Defendant had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; (2) following that conviction, Defendant knowingly possessed the firearm or ammunition described in the Second Superseding Indictment; and (3) such possession was in or affecting interstate or foreign commerce. *United States v. Arnold*, 410 F.3d 895, 904 (6th Cir. 2005). At trial, the parties stipulated to the first and third elements, that is Defendant has a prior felony conviction and the firearm and ammunition described in the Second Superseding Indictment were manufactured outside the State of Tennessee and traveled in interstate commerce. Defendant's present motion challenges the sufficiency of the evidence on the remaining element (*i.e.*, possession).

Count 1 charged Defendant with unlawfully possessing six shotgun shells (five Federal and one Winchester) on or about January 27, 2004. Defendant contends the Government produced no proof at trial indicating he ever knowingly possessed these shotgun shells. At trial, Bradley County Sheriff's Department Detective Kevin White testified that on January 27, 2004, after receiving information from James Raby that Defendant was trying to sell a shotgun, Detective White stopped a vehicle he knew to belong to Defendant. Detective White claims to be very familiar with Defendant's car, a Mercury, as he had stopped it on several previous occasions. On this particular day, however the car was being driven by Doug White and Defendant was riding as a passenger. After receiving consent to search the vehicle, Detective White discovered the shotgun shells, one on the driver's side floorboard and the other five in the center console. Additionally, Bradley

3

County Sheriff's Department Detective David Shoemaker testified Defendant confessed to him that he had been trying to sell a shotgun for a Chris Phillips, that is where the shells in his car had come from, and he had known they were there. Further, Raby testified Defendant had tried to sell him a shotgun and had told him the gun was in the trunk of the Mercury he often drove. Defendant's brother, Scott Cartwright, testified he had taken possession of the Mercury previously owned by Defendant approximately two months before the January 27 traffic stop but did not offer any additional testimony about that incident. Accordingly, there was ample evidence upon which the jury could have based its finding Defendant knowingly possessed the shotgun shells described in the Second Superseding Indictment. Even assuming the jury fully believed the testimony of Defendant's brother as to who had primary possession of the Mercury at the time of the traffic stop, Defendant's confession to Detective Shoemaker alone would have still been enough to support a conviction.

Count 2 charged Defendant with unlawfully possessing an Ithaca Model 37 12 gauge pump shotgun on or about January 25, 2004. As noted previously, Raby testified Defendant had tried to sell him a shotgun and he had reported this to Detective White. Further, Detective Shoemaker testified Defendant admitted to him he had possessed a shotgun which he was trying to sell for Chris Phillips. Authorities were ultimately able to recover an Ithaca Model 37 12 gauge pump shotgun based upon information provided by Phillips. While it is true no witness specifically testified to ever actually observing Defendant in physical possession of the shotgun described in the Second Superseding Indictment, there was testimony Defendant was actively trying to sell such a gun and that Defendant had confessed to doing so. Accordingly, there is sufficient evidence to support the conviction on Count 2.

**B. Motion for New Trial**

Defendant alternatively argues for a new trial on the basis the jury's verdict was against the manifest weight of the evidence. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to order a new trial is committed to a court's sound discretion, which is subject to review for abuse. *United States v. Talley*, 164 F.3d 989, 1002 (6th Cir. 1999); *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Chambers*, 944 F.2d 1253, 1263 (6th Cir. 1991). In deciding whether a new trial is warranted, a court should primarily concern itself with whether the prior proceedings were fair for the accused. *See Davis*, 15 F.3d at 531-32. When considering a motion for a new trial based upon the weight of the evidence, the district court can consider the credibility of witnesses and the weight of the evidence to ensure there is not a miscarriage of justice. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998) (citing *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)). Some courts have referred to the district court's role in deciding these motions in terms of the court sitting as the thirteenth juror. *Id*. Nevertheless, the court should grant such a motion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Ashworth*, 836 F.2d at 266. Motions for new trials are not favored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976); *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967). A defendant bears the burden of proving a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

As noted above in discussing Defendant's Rule 29 motion, there was ample evidence upon which the jury could have based its verdict. Most significantly, Detective Shoemaker testified

Defendant confessed to him that he had taken possession of a shotgun and attempted to sell it for Chris Phillips. This confession was both consistent with and corroborated by the testimony of the other witnesses. Accordingly, the Court does not believe justice requires granting Defendant a new trial.

### III. CONCLUSION

Because the evidence and testimony presented by the Government at trial was sufficient to support the jury's verdict of guilty on the first and second counts of the Second Superseding Indictment and because the interests of justice do not warrant a new trial in this case, the Court will **DENY** Defendant's renewed motion for judgment of acquittal and motion for new trial (Court File No. 58).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**