UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RAYMOND CARTWRIGHT, JR. ) | |
| ) | No. 1:08-CV-103/1:04-CR-33 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA ) | |

## **MEMORANDUM AND ORDER**

On April 25, 2008, Raymond Cartwright, Jr. ("Defendant") filed a sixty-eight page document entitled "Motion special and limited entry of appearance pursuant to 28 U.S.C. § 2255" (Court File No. 104). In addition, on May 22, 2008, Defendant filed a motion for relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on the basis of newly discovered evidence (Court File No. 107).

On May 30, 2008, the Court construed the first filing as a motion to vacate, set aside, or correct Defendant's sentence pursuant to 28 U.S.C. § 2255 (Court File No. 109). Because the filing was "voluminous" and "virtually indecipherable," however, the Court concluded the motion failed to clearly identify each ground for relief or to set forth in summary form the facts supporting Defendant's claims, as required by Rule 2(b) of the Rules Governing Section 2255 Cases in the United States District Courts (*id.*). Therefore, the Court ordered Defendant to file within thirty days a new § 2255 motion, using the form provided by the Court for that purpose (*id.*) In addition, in that same order, the Court denied Defendant's Rule 60(b) motion for relief from judgment (*id.*).

On June 13, 2008, Defendant filed a notice of appeal on the Court's order of May 30, 2008 (Court File No. 110). On June 30, 2008, however, Defendant complied with the Court's Order and filed an amended § 2255 motion, using the proper form (Court File No. 113). Because Defendant's appeal of the Court's Order was still pending, however, the Court did not take immediate action on

Defendant's amended § 2255 motion.

On November 13, 2009, the United States Court of Appeal for the Sixth Circuit affirmed this Court's order of May 30, 2008, denying Defendant's Rule 60(b) motion for relief from judgment (Court File No. 140). Immediately after the mandate was issued, however, Defendant filed a petition for writ of certiorari in United States Supreme Court (Court File Nos. 142, 151). On May 24, 2010, Defendant's petition for writ of certiorari was denied. *Cartwright v. United States*, No. 09-10364, 2010 WL 1654883 (U.S. 2010).

Thus, this case has returned to the Court in the same posture it was in over two years ago. In the interim, however, Defendant has continued to file pleadings. To date, he has filed over twenty separate pleadings, all of which raise substantive arguments in favor of his § 2255 motion. Not all of these pleadings are readily labeled, however. Some are styled as supplements to his argument, while others are styled as amended motions. Though the Court has reviewed every filing submitted by Defendant, it is not clear whether some of these filings are only intended to supplement Defendant's argument or whether some should be treated as an amended motion which supplants Defendant's previous motions entirely.

Because the Court liberally construes *pro se* pleadings, the Court will consider all pleadings submitted thus far in support of Defendant's claim for relief. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). Because many of these pleadings appear to have been filed after the expiration of the one-year limitation imposed in § 2255 cases, however, the Court will not consider any ground for relief raised by Defendant that was not raised before the expiration of the one-year deadline. *See Howard v. United States*, 533 F.3d 472,

475-76 (6th Cir. 2008); *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006); *Oleson v. United States*, 27 F. App'x 566, 571 (6th Cir. 2001). If one of Defendant's pleadings untimely claims a new ground for relief, the Court will disregard that claim, but the Court will consider the remainder of that pleading to the extent it supports a claim that was timely raised.

Accordingly, the Government is **ORDERED** to file a response to Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 113). The Government's response shall be filed within **forty-five days**. The Government shall respond to all arguments raised by Defendant in all of his various pleadings, so long as that argument supports a ground for relief that was timely raised. In addition, if the Government determines any of Defendant's pleadings raise an untimely ground for relief, the Government shall identify that claim and argue why that claim is untimely.

Defendant is advised that, after the Government files its response, Defendant may file a brief in reply. Defendant must wait until after the Government files its response, however, before Defendant will be permitted to file a reply. If Defendant has other arguments he wishes to make at this time, Defendant must wait to file those arguments in his reply. In addition, Defendant is instructed he will only be permitted to file one reply to the Government's response. The Court will disregard any brief filed by Defendant in support of his § 2255 motion that is filed after Defendant's first reply.

      **SO ORDERED.**

      **ENTER:**

      **/s/**
      **CURTIS L. COLLIER**
      **CHIEF UNITED STATES DISTRICT JUDGE**